UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIZABETH ANDERSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:05-cv-00167 (VLB) |
| DEPARTMENT OF CHILDREN AND | : | |
| FAMILIES, STATE OF CONNECTICUT, | : | |
| ET AL. | : | |
|     Defendants. | : | October 30, 2007 |

**MEMORANDUM OF DECISION GRANTING NAMED DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [Doc. #61]**

The plaintiff, Elizabeth Anderson, filed this action against the named defendant, the Department of Children and Families of the State of Connecticut (DCF),[1] claiming that DCF retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. DCF has filed a motion for summary judgment. For the reasons given below, DCF's motion is GRANTED.

The following facts are relevant to DCF's motion for summary judgment. Anderson commenced her employment with DCF in 1990 and was promoted to the position of social work supervisor in 1994. Anderson filed racial discrimination and retaliation complaints against DCF with the Connecticut Commission on Human Rights and Opportunities (CHRO) in 1996, 2002, and 2004. She also filed a federal lawsuit against DCF in 1997, which was dismissed in

---

[1] Anderson also sued several DCF employees in this action, but she has withdrawn her claims against them.

1999.

The present case arises from the CHRO complaint that Anderson filed on March 2, 2004. In that complaint, Anderson alleged that DCF had attempted to terminate her because of her previous CHRO complaints. In late 2003, DCF placed her on administrative leave and investigated her for violating DCF policy. DCF ultimately reprimanded her and ordered her to return to work on March 12, 2004. Anderson's first claim in the present case is that DCF's investigation and reprimand constitute retaliation. DCF counters that the investigation and reprimand were unrelated to Anderson's CHRO complaints.

Anderson's second claim concerns her job assignment after she returned to work. DCF assigned her to the newly created position of court liaison but preserved her previous title of social work supervisor and paid her the same salary. Anderson claims that the court liaison assignment is a demotion and therefore constitutes retaliation. DCF counters that it assigned Anderson to the court liaison position in order to accommodate her desire not to work under her previous supervisor.

DCF moves for summary judgment on the grounds that (1) Anderson failed to exhaust her administrative remedies regarding her alleged demotion and (2) its investigation and reprimand of Anderson did not constitute actionable retaliation. Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law. . . ." Fed. R. Civ. P. 56(c). The court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor." Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006). "The moving party bears the burden of showing that he or she is entitled to summary judgment." Huminski, 396 F.3d at 69.

The Court first examines DCF's argument that Anderson failed to exhaust her administrative remedies regarding her alleged demotion. DCF's argument is based on the timing of Anderson's CHRO complaint, which preceded her alleged demotion. DCF contends that Anderson cannot pursue the demotion issue in the present case because she failed to file another CHRO complaint after learning of her assignment as court liaison.

"Claims not raised in an [administrative] complaint . . . may be brought in federal court if they are 'reasonably related' to the claim filed with the agency. . . . [The United States Court of Appeals for the Second] Circuit has recognized that [a] claim is considered reasonably related if the conduct complained of would fall within the scope of the [administrative] investigation which can reasonably be expected to grow out of the charge that was made. . . . In this inquiry, the focus should be on the factual allegations made in the [administrative] charge itself,

3

describing the discriminatory conduct about which a plaintiff is grieving. . . . The central question is whether the complaint filed with the [agency] gave that agency adequate notice to investigate discrimination on both bases. . . . The reasonably related exception to the exhaustion requirement is essentially an allowance of loose pleading and is based on the recognition that [administrative] charges frequently are filled out by employees without the benefit of counsel and that their primary purpose is to alert the [agency] to the discrimination that a plaintiff claims [he] is suffering." Williams v. New York City Housing Authority, 458 F.3d 67, 70 (2d Cir. 2006).

Examining the factual allegations in Anderson's CHRO complaint, it is clear that she did not present any information regarding her alleged demotion. [Doc. #61, Ex. A25, CHRO Compl.] Her complaint was restricted to DCF's investigation and reprimand. Anderson's filings in the present case indicate that she did not know about her new assignment as court liaison until she returned to work ten days after submitting her CHRO complaint. Therefore, that complaint could not have given the CHRO adequate notice to investigate her alleged demotion. The circumstances of Anderson's alleged demotion consequently would not fall within the scope of the administrative investigation that reasonably could be expected to grow out of her CHRO complaint. The Court concludes that Anderson's claim of demotion is not reasonably related to the claims raised in her CHRO complaint. Accordingly, that claim may not be brought in federal court because Anderson has failed to exhaust her administrative remedies.

The Court next examines whether DCF's investigation and reprimand of Anderson constitute retaliation. "To withstand a motion for summary judgment, a discrimination plaintiff must withstand the three-part burden-shifting [test] laid out by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) . . . . In a nutshell, a plaintiff first bears the 'minimal' burden of setting out a prima facie discrimination case, and is then aided by a presumption of discrimination unless the defendant proffers a 'legitimate, nondiscriminatory reason' for the adverse employment action, in which event, the presumption evaporates and the plaintiff must prove that the employer's proffered reason was a pretext for discrimination." McPherson v. New York City Dept. of Education, 457 F.3d 211, 215 (2d Cir. 2006).

DCF argues that Anderson has failed to establish a prima facie case of retaliation. "In order to present a prima facie case of retaliation under Title VII . . . a plaintiff must adduce evidence sufficient to permit a rational trier of fact to find (1) that he engaged in protected participation or opposition under Title VII . . . (2) that the employer was aware of this activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action." Kessler v. Westchester County Dept. of Social Services, 461 F.3d 199, 205-06 (2d Cir. 2006).

DCF concedes that Anderson has satisfied the first two requirements of a prima facie case, focusing instead on the third and fourth requirements. As to

5

the third requirement, DCF's investigation and reprimand of Anderson clearly constitute an adverse employment action.  See Hoyt v. Andreucci, 433 F.3d 320, 328 (2d Cir. 2006) ("[A]dverse employment actions include discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand.").  As to the final requirement of a prima facie case, Anderson must show a causal connection between her protected activity—her 2002 CHRO complaint—and the adverse employment action—DCF's investigation and reprimand in late 2003.  Anderson relies on the concept of temporal proximity to establish the necessary causal connection.  However, "[t]he cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close . . . ." Clark County School Dist. v. Breeden, 532 U.S. 268, 273 (2001) (citing cases holding that three or four months between the protected activity and the adverse action is insufficient to establish causality in the absence of other evidence).  In the present case, if DCF intended to investigate and reprimand Anderson in retaliation for her 2002 CHRO complaint, it could have done so much earlier than late 2003.  Anderson has failed to satisfy the final requirement of a prima facie case.

DCF's motion for summary judgment [Doc. #61] is GRANTED.  The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

      /s/
**Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: October 26, 2007.**